United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2006

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the Fifth Circuit

———————

m 05-10785

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL DAVID FLANDERS,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Northern District of Texas

———————————

Before SMITH, GARZA, and CLEMENT,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Michael Flanders appeals his child pornography conviction that followed his conditional plea of guilty after the district court had denied his motion to suppress evidence discovered on his computer and storage drives pursuant to the execution of a search warrant.

Because the executing officers' reliance on the validity of the search warrant was objectively reasonable and thus in good faith, we affirm.

I.

On June 3, 2004, a state judge signed a search warrant that permitted police to search and seize, *inter alia*, computer equipment, data and memory storage devices, computer files, photographs, or any other type of media that might be used to collect or depict persons

younger than eighteen years of age engaging in sexual conduct, found in Flanders's house. The police officer applying for the warrant stated in an affidavit that he had probable cause to believe "that Michael Flanders committed the offense of Aggravated Sexual Assault of a Child, a First Degree Felony[,] Texas Penal Code section 22.021, and the offense of Possession of Child Pornography, a Third Degree Felony, Texas Penal Code section 43.26." The affidavit included the following information:

(1) The United States Immigration Customs Enforcement Agency discovered an Internet chat log in which Flanders described various sex acts that he had performed on his two-year-old daughter and that she had performed on him;

(2) Flanders's daughter told a forensic interviewer that "she had licked her daddy, and that he had licked her," and the daughter used anatomical drawings to indicate that the licking had taken place on her and her father's genitals;

(3) Flanders's wife told the police that Flanders spends a lot of time on his computer, visits adult pornography sites, and chats with others on the Internet;

(4) Flanders's wife told the police of an incident in which Flanders took a digital picture of his daughter standing on the bed nude after his wife took her out of the shower[1]; and

---

[1] The affidavit states that Flanders's wife was unable to state which part of their daughter's body Flanders photographed. The photo in question was neither discovered nor offered in evidence.

(5) The affiant stated that based on his training and over six years of experience as a police officer, he knew "that persons who sexually abuse children also collect and keep child pornography as well as exchange child pornography, and electronic writings, with others who sexually exploit children."

Based on evidence found on his computer and storage drives pursuant to execution of the warrant, Flanders was charged with six counts of interstate receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2 and one count of possession of child pornography shipped through interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2. He moved to suppress, arguing that the warrant was not supported by probable cause. The district court denied the motion, and pursuant to a plea agreement Flanders then conditionally pleaded guilty to one count of interstate receipt of child pornography.

On appeal, Flanders contends that the mere fact he allegedly had sexually abused his young daughter does not create probable cause that he possessed child pornography. Also, he asserts there was not probable cause that child pornography would be located in his home. The affidavit supporting the warrant, he claims, was only a bare bones recital of the officer's beliefs.

II.

When a defendant moves to suppress evidence on the ground that the search warrant was not supported by probable cause, "[p]rinciples of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if a decision on the admissibility of evidence under the good-faith exception [to the exclusionary rule] will resolve the matter." *United States v. Craig*, 861

F.2d 818, 820 (5th Cir. 1988). We deviate from this scheme and proceed directly to the probable cause inquiry only where "the resolution of a 'novel question of law . . . is necessary to guide future action by law enforcement officers and magistrates.'" *Id.* at 820-21 (quoting *Illinois v. Gates*, 462 U.S. 213, 264 (1983) (White, J., concurring)). This case does not present a "novel question of law" but involves only the application of established Fourth Amendment principles to a given set of facts, so we begin by determining whether the good faith exception to the exclusionary rule applies.[2]

We review *de novo* whether an officer's reliance on a warrant was objectively reasonable and accordingly in good faith. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). Flanders avers that the affidavit was so lacking in indicia of probable cause that it renders official belief in the existence of probable cause objectively unreasonable. We disagree.

First, the affidavit contains sufficient information that Flanders possessed child pornography for an officer reasonably to rely on the judge's probable-cause determination. To negate Flanders's charge that this is a bare bones affidavit that cannot support the warrant, the affidavit must provide the judge "with facts, and not mere conclusions, from which he could determine probable cause." *Satterwhite*, 980 F.2d at 321.

The affidavit presented the judge with sufficient facts, because it recounted (1) Flanders's wife's statement that Flanders took a picture of his daughter while she was naked and (2) the forensic interviewer's conclusion, based on the daughter's statements, that Flanders had sexually exploited her. The affiant's statement that he knew that people who exploit children also possess child pornography understandably leads Flanders to conclude that the inference from child exploitation to child pornography was the only basis on which the affidavit supports the search for child pornography. The affidavit, however, does not require this inferenceSSthe act of digitally photographing a naked child whom the defendant had allegedly previously sexually exploited provides direct support for the search for child pornography.

Where an affidavit states, *inter alia*, that a defendant has taken sexually explicit photographs of a minor, the affidavit supports a search for child pornography. *United States v. Payne*, 341 F.3d 393, 401 (5th Cir. 2003). Unlike the affidavit in *Payne*, the instant affidavit here states it was unknown whether the pictures were sexually explicit, but Flanders's alleged past sexual abuse of his daughter, coupled with his decision to take a digital photograph of that child naked, provided enough information for an officer reasonably to believe he could execute the warrant.[3]

---

[2] If an officer's "reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues [is] objectively reasonable," a court need not suppress the fruits. *United States v. Leon*, 468 U.S. 897, 922 (1984).

[3] This court does not require that an affidavit supporting a warrant to search for child pornography contain specific, individualized information that a defendant possesses child pornography. In *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004), we upheld a finding of probable cause to search the defendant's computer and other electronic equipment for child pornography, stating that "it is common sense that a person who voluntarily joins a group such as Candyman [an online child pornography club], remains a member of the
(continued...)

Second, the affidavit contains sufficient information that an officer reasonably could rely on a judge's probable-cause determination that Flanders's home computer and electronic storage contained child pornography. We start with the general observation that "'few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of a crime.'" *Id.* (quoting *United States v. Green*, 634 F.2d 222, 226 (5th Cir. Unit B Jan.1981)). Beyond this, the affidavit provided information that established Flanders's home as a probable site for his possession of child pornography: His wife told police that he used his computer at home to view adult pornography and to chat on the internet; he previously used the internet to communicate about his sexual conduct with a minor; and he photographed his naked daughter at home using a digital camera.

The officers' reliance on the warrant, supported by the affidavit, was objectively reasonable, and the good-faith exception to the exclusionary rule therefore applies to render the evidence admissible regardless of the validity of the warrant.[4]

The judgment of conviction is AFFIRMED.

---

[3](...continued)
group for approximately a month without cancelling his subscription, and uses screen names that reflect his interest in child pornography, would download such pornography from the website and have it in his possession."

[4] Because the good faith exception to the exclusionary rule applies, we do not reach the question whether the warrant was supported by probable cause.