**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-40610
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL HUBERT GOVE, III,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-187-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paul Hubert Gove, III, appeals his conviction for possession of child pornography for which he was sentenced to 120 months in prison. He challenges the denial of his motion to suppress.

In a search supported by a warrant, federal agents discovered on Gove's computer 10 video files showing explicit child pornography. The affidavit supporting the warrant stated that Gove's brother, first by accident and then by examination, discovered on Gove's computer hundreds of pictures of boys, aged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

four to 16, who were "partially nude" or "in various states of undress." Gove argues that the affidavit did not describe actual child pornography and thus failed to establish probable cause to search his computer. He further contends that the good-faith exception does not apply because the affidavit was so deficient that the officers executing the warrant could not rely on the warrant in good faith.

If a search warrant is supported by more than a bare bones affidavit, the officers executing the warrant may rely in good faith on the warrant, even if it is subsequently invalidated. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). A bare bones affidavit is one that contains wholly conclusional statements and is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Satterwhite*, 980 F.2d at 321. "Generally, examples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006) (quoting *United States v. Brown*, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991)). A magistrate must be allowed to draw reasonable inferences from the affidavit, and the ultimate determination of the affidavit's adequacy is entitled to great deference on review. *United States v. May*, 819 F.2d 531, 535 (5th Cir.1987).

We review de novo the sufficiency of the warrant and the reasonableness of a policeman's reliance on it. *United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999). If we determine that the good faith exception to the exclusionary rule applies, the district court's denial of the motion to suppress is affirmed without further analysis. *Id.* at 407.

An affidavit supporting a search warrant for child pornography does not need to show "specific, individualized evidence of possession" of child pornography. *United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006) (citing *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004)). Rather,

a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Froman*, 355 F.3d at 889 (internal quotation marks and citation omitted).

The affidavit in this case did not rely only on the observations of Gove's brother that he saw putatively non-pornographic images. The affiant testified that she knew from her training and experience that the majority of people who collect child pornography collect child erotica as well, and the affidavit defined child erotica as material that may not in itself be pornographic. Gove does not dispute that the photographs described in the affidavit constituted erotica. The affidavit thus provided facts indicating probable cause and not a mere conclusory statement that the defendant was believed to have child pornography. See Pope, 467 F.3d at 920. Therefore, it was not a bare bones affidavit, and it permitted a reasonable law officer to rely on the warrant in good faith. *See id.*; Froman, 355 F.3d at 889.

At best, Gove shows that more information about what his brother saw would have provided a stronger showing of probable cause, but he fails to show that it was unreasonable for the officers to rely on the warrant as supported by the affidavit. *See Froman*, 355 F.3d at 889; *May*, 819 F.2d at 535. Accordingly, the good-faith exception was properly applied and the judgment of the district court is AFFIRMED.