# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2012

Lyle W. Cayce
Clerk

No. 11-40971
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM J. KLEINKAUF,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-13-1

Before HIGGINBOTHAM, OWEN, and, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William J. Kleinkauf was charged by indictment with two counts of possession of child pornography and one count of attempted receipt of child pornography. Following the denial of his motion to suppress, he entered a conditional guilty plea to one of the possession counts, and the district court sentenced him to 36 months in prison, to be followed by a five-year term of supervised release. On appeal, Kleinkauf challenges the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suppress, asserting that the affidavit supporting the search warrant was inadequate and failed to establish probable cause.

Following the denial of a suppression motion, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002). The evidence is viewed in the light most favorable to the prevailing party. *Id.* We typically apply a two-step process to review the district court's denial of a motion to suppress evidence obtained from a search warrant, asking first whether the police objectively relied in good faith on the warrant. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999); *see United States v. Leon*, 468 U.S. 897, 919-20 (1984). If the good-faith exception to the exclusionary rule applies, the inquiry is ended. *Cherna*, 184 F.3d at 407. If the exception does not apply, we determine whether there was nevertheless a substantial basis for the magistrate judge to find probable cause. *Id.* Although Kleinkauf asserts that the good faith exception does not apply because no cases have addressed the same or a similar factual scenario, he has not shown the existence of a novel legal question. *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

Kleinkauf asserts that Special Agent James J. Pokorney misled the magistrate judge issuing the affidavit by including a false statement in the affidavit indicating that the website Kleinkauf had visited before using PayPal to pay for his membership at the child exploitation website "Hardlovers" also contained child pornography. He also asserts that Pokorney's failure to allege in the affidavit that Kleinkauf did not renew after his one-month subscription ended misled the magistrate judge because the information would have indicated that Kleinkauf was not interested in the contents of the website. An officer is not entitled to invoke the good faith exception if the judge who issued the warrant acted after being "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal

quotation marks and citation omitted); *see also Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (providing that intentional or reckless statements must be excised from a warrant affidavit, and evidence must be suppressed if the remaining information fails to establish probable cause); *United States v. Tomblin*, 46 F.3d 1369, 1376-77 (5th Cir. 1995) (applying *Franks* to an allegation of an omission). As the district court noted, Pokorney's testimony at the suppression hearing reflected that he relied on a report from the National Center for Missing and Exploited Children (NCMEC) to conclude that the earlier website visited by Kleinkauf contained images of child pornography and that no information he received from the NCMEC affected his belief in the validity of that report. Additionally, Pokorney's omission of information regarding Kleinkauf's failure to renew his membership did not evince an intent to mislead the magistrate judge issuing the search warrant, given that Kleinkauf could have used alternate means to renew his subscription.

In addition, Kleinkauf asserts that the face of the affidavit lacked probable cause. An officer is unable to invoke the good faith exception if the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit. *Mays*, 466 F.3d at 343. A bare bones affidavit is one that contains wholly conclusional statements about an affiant's knowledge and beliefs. *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006). Kleinkauf asserts that in the absence of evidence showing that he in fact downloaded or viewed child pornography, the affidavit was insufficient. An affidavit supporting a search warrant for child pornography does not need to show "specific, individualized evidence of possession" of child pornography. *United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006) (citing *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004)). Rather, a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair

probability that contraband or evidence of a crime will be found in a particular place." *Froman*, 355 F.3d at 889 (internal quotation marks and citation omitted). Although Kleinkauf complains that the name of the "Hardlovers" website does not explicitly connote that its content included child pornography and that the affidavit does not state that the exclusive or predominant purpose of the website was the dissemination of child pornography, the information included in the affidavit was sufficient for the magistrate judge to reasonably infer the nature of the website and the likelihood that child pornography would be found in the places identified by the affidavit. *See id.* at 890-91; *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987) (permitting magistrate judge to make reasonable inferences from an affidavit).

In his final assertion, Kleinkauf maintains that the information in the affidavit was stale because he purchased the "Hardlovers" subscription on October 31, 2006, but Pokorney did not seek a search warrant until August 2007. If the facts alleged in an affidavit are so dated that no reasonable peace officer could believe that probable cause was established, a Fourth Amendment violation has occurred. *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1130 (5th Cir. 1997). Given that Pokorney's affidavit alleged that a computer constitutes an ideal means of storing child pornography and that it is common to retrieve computer files or images long after they were viewed, downloaded, or deleted, the nine-month delay between Kleinkauf's subscription and the affidavit supporting the search warrant does not render the information stale. *See United States v. Allen*, 625 F.3d 830, 842-43 (5th Cir. 2010) (18-month delay), *cert. denied*, 132 S. Ct. 1632 (2012). Because Kleinkauf has not shown that the good faith exception does not apply, the district court properly denied the motion to suppress. *See Cherna*, 184 F.3d at 407. Consequently, the judgment of the district court is AFFIRMED. Kleinkauf's motion for leave to review sealed documents included in the appellate record is DENIED.