# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60556
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOEL EVERETT SUMRALL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-112-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Noel Sumrall pleaded guilty to possession of child pornography but reserved his right to appeal the denial of a motion to suppress evidence seized pursuant to a search warrant. He now appeals the denial of that motion. We AFFIRM.

The search warrant was based on the discovery by a third party in Sumrall's house of pictures of partially clothed children, topless young girls

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60556

hugging each other, and young boys in their underwear, including one such boy with an apparent erection.

Sumrall argues that the search warrant was unsupported by probable cause and that no good-faith exception applies. Under the good-faith exception, "evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible" even if the affidavit supporting the warrant is deemed not to establish probable cause. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997) (internal quotation marks and citations omitted); *see United States v. Leon*, 468 U.S. 897, 920 (1984). Relevant here, the exception does not apply (1) if the issuing judge was misled by information in an affidavit that the affiant knew or should have known was false; (2) if the issuing judge abandoned her impartial judicial role; or (3) if the affidavit supporting the warrant so lacks indicia of probable cause that reliance on it is entirely unreasonable. *See Leon*, 468 U.S. at 923; *United States v. Webster*, 960 F.2d 1301, 1307 (5th Cir. 1992).[1] Only if the good-faith exception does not apply, do we determine if there was probable cause to support the warrant. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). We review factual findings for clear error, but the sufficiency of the warrant and the reasonableness of a policeman's reliance on the warrant are reviewed de novo. *Id.* at 406-07.

Sumrall asserts that the supporting affidavit was misleading because it failed to explain that the affiant had less than an hour of training specific to child exploitation cases. Yet he does not say that anything in the affidavit was false. Sumrall also says that the issuing judge abandoned her role as a neutral and detached magistrate by believing the affidavit because neither she nor the

---

[1] Sumrall does not contend that the warrant was facially invalid for failing to describe the place to be searched or the things to be seized. *See Leon*, 468 U.S. at 923.

affiant were qualified to determine whether there was probable cause that Sumrall possessed child pornography.  Sumrall cites no authority to support his bare argument that the affiant and the judge failed to reach some undefined level of expertise that a person must attain before seeking or issuing a search warrant for child pornography.

Sumrall also contends that the affidavit was so lacking in indicia of probable cause that no executing officer could have relied on the warrant in good faith.  He explicitly disavows contending that the affidavit is a "bare bones" affidavit.  This leaves him little room for argument, because if a search warrant is supported by more than a bare bones affidavit, the officers executing the warrant may rely upon it.  *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).  A bare bones affidavit is one that contains wholly conclusional statements and is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  *Id.* (internal quotation marks and citation omitted).

Sumrall's contention is based mainly on the false premise that the images found by the third party could not support a search warrant unless the images met the definition of child pornography.  However, an affidavit supporting a search warrant for child pornography does not need to "contain specific, individualized information that a defendant possesses child pornography."  *United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006) (citing *United States v. Froman,* 355 F.3d 882, 890-91 (5th Cir. 2004)).  Rather, a court "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Froman*, 355 F.3d at 889 (internal quotation marks and citation omitted).  The judge was allowed to draw reasonable inferences from the affidavit, and her

ultimate determination of the affidavit's adequacy is entitled to great deference. *See United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987).

Sumrall's bare assertions fail to show any reason why the good-faith exception should not apply. The judgment is AFFIRMED.

Sumrall moves to supplement the record with a copy of a cell-phone video showing the pictures found in Sumrall's house. The district court did not consider the video in ruling on the motion to suppress but rather relied on the uncontested descriptions of the pictures. Moreover, Sumrall offered the video as evidence that the pictures are not child pornography under state law. But the question of whether the images were pornographic under state law is not determinative of the issue of whether they supported good-faith reliance on the warrant. *See Flanders*, 468 F.3d at 271. The motion to supplement the record is DENIED.