# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RICARDO LUERA MILLER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-2

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ricardo Luera Miller conditionally pleaded guilty to possession of child pornography and receipt of child pornography. He now appeals the district court's denial of his motion to suppress evidence. Finding no error, we affirm.

On appeal, Miller argues that the district court erred in applying the good-faith exception to the exclusionary rule to deny his motion to suppress. Miller contends that the exception should not have applied because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavit upon which the warrant to search his residence was based is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.  Miller also argues that the good-faith exception is inapplicable because the affidavit was "bare bones" and misleading.

We review the district court's factual findings for clear error and its legal conclusions de novo.  *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999).  We employ a two-step analysis when reviewing the denial of a motion to suppress evidence discovered pursuant to a search warrant.  *Id.* at 407.  We look first to whether the good faith exception to the exclusionary rule applies, and if not, we then determine whether the issuing magistrate had a substantial basis for finding probable cause.  *Id.*  The good faith exception does not apply if the underlying affidavit is "bare bones," i.e., "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or if the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.  *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted).

We are satisfied that the good-faith exception applies.  Although the affidavit lacked direct evidence that Miller was involved in criminal activity, it provided sufficient facts and circumstances from which an issuing magistrate could draw commonsense inferences to find probable cause.  *See United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987); *see also United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006) ("This court does not require that an affidavit supporting a warrant to search for child pornography contain specific, individualized information that a defendant possesses child pornography." (citing *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004)).

No. 14-50497

The affidavit presented the issuing judge with the following facts. Miller uploaded on a foreign image-hosting website ten photographs of a five- to seven-year-old minor female. The minor female was fully clothed in all ten photographs, but the nature of six photographs was notable. When Miller uploaded the ten photographs of the minor female, he labeled them with tags, which included descriptive words such as "7yr, daughter, legs, Lolita, preteen, pussy, and sexy," and Miller posted a comment with the photographs that read "My step daughter, gonna be a knock out with sexy legs, comments welcome!" The affidavit further informed the issuing judge that based on the affiant's training and experience, the label tags Miller used for the photographs— "Lolita, preteen, pussy, and sexy"—are tags used with images of child exploitation; the combination of the nature of the photographs with the tags and comments fits the pattern of an individual who is interested in trading child pornography with other like-minded individuals; the photographs posted by Miller advertised his access to a live seven-year-old female child; the photograph tags "Lolita, preteen, pussy, sexy" advertised Miller's sexual interest; and a like-minded collector of child pornography would understand Miller to be a willing source for more explicit images.

On these facts, we find no error in the determination that the affidavit was sufficient to support a good-faith conclusion by an objectively reasonable officer that the affidavit was adequate to establish probable cause. *See Satterwhite*, 980 F.2d at 320. In addition, the affidavit contained sufficient indicia of reliability warranting reliance by a reasonable officer; it was not "bare bones" or misleading. *See id.*; *United States v. Alvarez*, 127 F.3d 372, 373 (5th Cir. 1997). Because the good-faith exception is applicable, we need not consider whether the issuing judge had a substantial basis for concluding that probable cause existed. *See Cherna*, 184 F.3d at 407.

No. 14-50497

In light of the foregoing, the judgment of the district court is AFFIRMED.