# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ALEJANDRO RAMOS, also known as David Ramos, also known as David A. Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-816-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

David Alejandro Ramos entered a conditional plea of guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He reserved the right to appeal the district court's denial of his motions to suppress and now brings this appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50102

In February 2015, the Federal Bureau of Investigation (FBI) obtained a warrant from a magistrate judge in the Eastern District of Virginia authorizing it to deploy a network investigative technique (NIT or the NIT warrant) on the computer server hosting a child pornography website known as "Playpen," which had been seized by the FBI and was located at a government facility in the Eastern District of Virginia.  The NIT attached computer code to Playpen users when they logged onto the website, which caused those users' computers to transmit specific identifying information, including the user's Internet Protocol (IP) address, back to the FBI.  Through use of the NIT, law enforcement identified the IP address of a Playpen user with the pseudonym "xm177e2" located in San Antonio, Texas.  In October 2015, the FBI obtained a search warrant (the Texas warrant) for Ramos's residence from a magistrate judge in the Western District of Texas.  Agents seized Ramos's computer during the search and a forensic exam revealed child pornography on the computer.  Ramos filed separate motions to suppress all evidence obtained as a result of the NIT warrant and the Texas warrant.  The district court denied the motions.

When a district court denies a motion to suppress, we review the court's factual findings for clear error and its conclusions of law de novo, viewing the evidence "in the light most favorable to the prevailing party, here, the Government."  *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017) (internal quotation marks and citation omitted); *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  When reviewing a district court's denial of a defendant's motion to suppress which challenges the sufficiency of a warrant, this court engages in a two-step inquiry.  *Froman*, 355 F.3d at 888.  First, this court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies.  *Id.*  If the good faith exception does not apply, this court proceeds to the second step and

determines whether there was probable cause justifying issuance of the warrant. *Id.*

Ramos asserts that the district court erred in failing to suppress the evidence that the Government seized pursuant to the NIT warrant that was obtained to investigate users of the website called "Playpen," and which was the subject of a previous appeal before this court. *See United States v. Ganzer*, 922 F.3d 579 (5th Cir. 2019), *cert. denied*, 2019 WL 4923239 (Oct. 7, 2019). In *Ganzer*, we rejected the same legal challenges to the NIT warrant that Ramos raises before this court. *See id.* at 584-90. In line with our opinion in *Ganzer*, we find that "the law enforcement officials involved in the issuance and execution of the NIT warrant acted with an objectively reasonable good-faith belief that their conduct was lawful." *Id.* at 590 (internal quotation marks, brackets, and citations omitted). Moreover, as in *Ganzer*, exclusion of the evidence obtained through the NIT warrant would serve no deterrent benefit. *Id.* As the good-faith exception applies herein, the district court did not err in denying Ramos's motion to suppress with respect to the NIT warrant. *See United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018).

Additionally, Ramos appeals the district court's denial of his motion to suppress evidence that was seized pursuant to the Texas warrant. He asserts that the warrant lacked probable cause because the affidavit supporting the warrant did not allege that he ever viewed, possessed, or received child pornography or took any other affirmative action that would indicate child pornography would be found in his possession. He asserts that evidence of him merely logging into and browsing Playpen is insufficient to establish probable cause linking his residence to child pornography. As the warrant was so lacking in indicia of probable cause that reliance on the warrant was not objectively reasonable, Ramos alleges that the good-faith exception cannot apply. This argument is likewise without merit.

If a search warrant is supported by more than a bare bones affidavit, the officers executing the warrant may rely in good faith on the warrant, even if it is subsequently invalidated. *See United States v. Robinson*, 741 F.3d 588, 597-98 (5th Cir. 2014). A bare bones affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id.* (internal quotation marks and citation omitted). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation marks and citation omitted). Thus, an affidavit supporting a search warrant for child pornography does not need to "contain specific, individualized information that a defendant possesses child pornography." *United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006). Rather, the district court "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Froman*, 355 F.3d at 889 (internal quotation marks and citation omitted).

The Texas affidavit established that Playpen was a website dedicated to child pornography that could only be accessed through the "Tor" network. The affidavit further established that user "xm177e2" registered an account on Playpen from the IP address assigned to the Ramos residence on February 6, 2015, logged onto the website for over two hours between February 6 and February 28, 2015, and accessed two posts containing links to images of child pornography during this visit. Thus, the affidavit was not a bare bones affidavit because it set forth specific facts that allowed the magistrate judge to determine there was a fair probability that contraband or evidence of a crime—specifically, child pornography—would be found on computers or storage media

4

in the Ramos residence. *See Flanders*, 468 F.3d at 271; *see also Froman*, 355 F.3d 890–91. As the search warrant was supported by more than a bare bones affidavit, Ramos's arguments that the good-faith exception does not apply or that law enforcement could not reasonably rely on the search warrant are unavailing. *See Jarman*, 847 F.3d at 264; *see also Leon*, 468 U.S. at 922. Thus, the district court did not err by denying Ramos's motion to suppress with respect to the Texas warrant.

Accordingly, the district court's denial of Ramos's motions to suppress is AFFIRMED.