# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2022

Lyle W. Cayce
Clerk

No. 21-30682
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eduardo Lozano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-15-2

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Eduardo Lozano entered a conditional guilty plea to conspiring to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), reserving his right to appeal the denial of his motion to suppress. He argues the affidavit for the search warrant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contained no factual allegations suggesting evidence of drug trafficking would be found on his cellphone and that the allegations were insufficient to support probable cause to search the phone.

Under the Fourth Amendment, a search of a cellphone incident to arrest generally requires a search warrant. *Riley v. California*, 573 U.S. 373, 401 (2014). If the good faith exception to the exclusionary rule applies, we can affirm without further inquiry. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). "Under the good faith exception, evidence obtained during execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance upon the warrant was objectively reasonable and made in good faith." *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013). We review "de novo whether an officer's reliance on a warrant was objectively reasonable and accordingly in good faith." *United States v. Flanders*, 468 F.3d 269, 271 (5th Cir. 2006).

Contrary to Lozano's assertions, the affidavit contained more than wholly conclusional statements and instead provided specific facts and circumstances that allowed the issuing judge to make a probable cause determination regarding the search of the cellphone. *See United States v. Morton*, 46 F.4th 331, 338–40 (5th Cir. 2022) (en banc); *see also United States v. Cherna*, 184 F.3d 403, 409–11 (5th Cir. 1999). Viewing the totality of the circumstances, the affidavit was not bare bones. *See United States v. Gentry*, 941 F.3d 767, 778–80 (5th Cir. 2019). Because an executing officer's reliance on the warrant was objectively reasonable and made in good faith, we uphold the district court's rejection of Lozano's challenge to the good faith exception. *See id.* at 780.

AFFIRMED.