**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

Lyle W. Cayce
Clerk

No. 10-51026
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KATINA ROCHELLE CANDRICK, also known as Katina Lofton,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-178-1

Before DAVIS, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Katina Rochelle Candrick pleaded guilty to unlawful possession of fraudulent identification with the intent to commit bank fraud, in violation of 18 U.S.C. § 1028(a)(7) (count one), and to conspiracy to unlawfully possess and use another's identification with the intent to commit bank fraud, in violation of 18 U.S.C. § 1028(f). She was sentenced to 60 months on count one and to 120 months on count two, to be served consecutively, for an aggregate term of 180 months, which exceeded the advisory guidelines range. Candrick

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

now challenges her sentence on numerous grounds, none of which were asserted in the district court.  We therefore review her arguments for plain error only. *See Puckett v. United States,* 129 S. Ct. 1423, 1428 (2009).  To show plain error, Candrick must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Id.* at 1429.  If she makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Candrick contends that the district court erred in assessing a 10-level enhancement under U.S.S.G. § 2B1.1(b)(1)(F) based on the determination that she caused losses in excess of $120,000.  She asserts that the inclusion of $62,365.58 in notice fees that her former employer, Med Assets, paid to notify its clients of the security breach caused by her offense was improperly included in the loss amount.  She reasons that such fees are analogous to investigative costs incurred primarily to aid the government in its prosecution, which are specifically excluded from the loss calculation under § 2B1.1, comment. (n.3(D)(ii)).

Nothing in the record supports Candrick's assertion.  Instead, the PSR indicates that Med Assets notified its clients of the security breach solely for its own business interests and its clients' benefit, not to aid the government in its prosecution, much less for the primary purpose of doing so, as is required for exclusion.  *See* § 2B1.1, comment. (n.3(D)(ii)).  The PSR is reliable evidence on which to base the loss calculation, and Candrick has presented nothing to rebut it.  *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009).  Moreover, other circuits have found that similar costs incurred by victim employers following an employee's fraud are properly included in the § 2B1.1 loss calculation.  *See, e.g., United States v. DeRosier*, 501 F.3d 888, 895-96 & n.11 (8th Cir. 2007). Candrick's alternative argument that there are insufficient facts on which the court could base its loss finding is unavailing, as the question is one of fact which

can never give rise to plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

Candrick next contends that her sentence is unreasonable because the district court failed to give adequate reasons for its variance, urging that the court erroneously relied on a single 18 U.S.C. § 3553(a) factor, viz., her criminal history. The record belies her assertion. Although the district court emphasized at sentencing that Candrick had amassed a criminal history well in excess of that contemplated by the Guidelines, it further stated that it had considered all of the circumstances of the case. The court also specified, in the postjudgment Statement of Reasons (SOR), that it had relied on the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to protect the public. Thus, contrary to Candrick's contention, the district court did not rely on but a single sentencing factor to justify its sentence.

Additionally, the district court's SOR was sufficient to support the variance. It adopted the PSR and stated that it was choosing a non-guidelines sentence based on the aforementioned factors. Candrick's challenge to the district court's imposition of consecutive sentences is unavailing as well. The district court had the discretion to impose consecutive sentences under 18 U.S.C. § 3584 as part of its decision to impose a non-guideline sentence in light of § 3553(a) factors, and we defer to that decision. *See United States v. Saldana,* 427 F.3d 298, 308-09 n.41 (5th Cir. 2005); *United States v. Ronquillo*, 508 F.3d 744, 750-51 (5th Cir. 2007).

The true nature of Candrick's argument is that the extent of the district court's variance, including the decision for her sentences to run consecutively, was substantively unreasonable. She urges that her sentence is greater than necessary to achieve the sentencing goals of § 3553(a) and fails to account for her personal history and characteristics, including her dependency on prescription

drugs, her need for drug rehabilitation, and her need to make restitution, which will be impossible if she is incarcerated for such a lengthy term.

There is no indication that the court failed to account for a factor that should have received significant weight, gave significant weight to any improper factor, or made a clear error of judgment in balancing the relevant factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Contrary to Candrick's assertion, the SOR makes plain that the district court did not fail to consider her personal characteristics. To the extent that she seeks to have us reweigh the § 3553(a) factors, her contention is without merit. *See Gall*, 552 U.S. 38, 47, 51-52 (2007).

Additionally, considering the sentencing factors under § 3553(a), the extent of the district court's departure was not unreasonable. Candrick engaged in an extensive scheme to appropriate the identities of at least 22 victims and used them to defraud at least 12 banks and businesses throughout the state of Texas, causing more than $160,000 in losses. Prior to and during the scheme, she acquired an extensive criminal history, accumulating more criminal history points than the Guidelines contemplate for the highest possible criminal history score. As the district court implicitly determined, both Candrick's willingness to continue violating the law after so many convictions and her conduct in the instant scheme confirm the need for a lengthy sentence, (1) to reflect the seriousness of the offense, (2) to promote respect for the law, (3) to deter future criminal conduct, and (4) to protect the public from her future criminal acts. *See* §§ 3553(a)(1) and (2)(A), (B), & (C); *see also United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006) (upholding a variance of approximately double the advisory guidelines range based on the district court's conclusion that "the appellant is a determined recidivist who poses an extra danger through his frequent use of false names.").

Candrick has failed to demonstrate any plain error in the district court's judgment. Accordingly, that judgment is AFFIRMED.