# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2015

Lyle W. Cayce
Clerk

No. 14-10815

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

GUILLERMO CAMPA-BARRERA,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-13-1

Before STEWART, Chief Judge, and BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

At issue is whether Guillermo Campa-Barrera's sentence can stand, primarily in the light of the district court's comments about Campa's decision not to allocute. Campa claims: his Fifth Amendment right to silence was violated by the court's consideration of his not using his opportunity for

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10815

allocution at sentencing; and, based in part on that claimed error, his sentence of 48 months' imprisonment was also unreasonable. AFFIRMED.

I.

Campa, a Mexican citizen and national, pleaded guilty to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). This offense originated with his arrest for possession of cocaine, for which he served 75 days in jail. Just before the end of that sentence, he was indicted for the illegal reentry that underlies this appeal.

At sentencing, Campa's attorney objected to the Presentence Investigation Report's (PSR) advising an upward departure might be appropriate. The court responded it would not consider that a recommendation, but that it "merely put[] the Court on notice that under the circumstances of this case it could be that an upward departure would be appropriate".

Campa asserted, for the first time, a downward departure based on cultural assimilation was warranted, which the court rejected. During its discussion, the court asked Campa's attorney how long Campa attended school in the United States; Campa interjected, "Ninth grade", which he clarified, after the court prompted him, as: "First grade to the ninth grade". Similarly, when the court asked the longest period Campa resided in the United States, and Campa's attorney repeated the question to Campa, he responded, "All my life. I am 30 years old". The court then asked Campa directly, "Have you never been deported?"; Campa replied, "Yes, but before the times that I have been deported".

Following this exchange, the court discussed the factors it would consider in determining an appropriate sentence, pursuant to 18 U.S.C. § 3553(a). Campa's wife then spoke on his behalf in an attempt to convince the court Campa would not return to the United States illegally: "If he is deported, he will live in Mexico, and [our child and I] will have to follow him".

No. 14-10815

To support his request for a lenient sentence, Campa's attorney noted Campa lived in the United States for the majority of his life, and "when he misses his daughter, sometimes that is the reason he comes back". Attempting to clarify this statement, the court asked the attorney Campa's daughter's age, and whether it was true Campa's "first two illegal reentries occurred in 2000 and 2005 before his daughter was ever born". At that point, Campa interjected, "I was already with my wife", which his attorney confirmed.

Finally, before imposing sentence, the district court offered Campa the opportunity for allocution:

> Mr. Campa-Barrera, you have the right to address me personally at this time and present any information that you would like in mitigation of your sentence. In other words, if there is something you would like to tell the Court before the Court imposes sentencing, you may do so at this time.

Campa replied, "I have nothing to say."

After Campa declined to make a personal statement, the court addressed each of the factors under 18 U.S.C. § 3553(a) to support a sentence above the advisory sentencing range under the Sentencing Guidelines. After examining each of the factors in turn, including Campa's criminal history and the disrespect he demonstrated for the laws of the United States, the court commented on Campa's decision not to make a personal statement when given that opportunity:

> The other thing that the Court noticed is that Mr. Campa-Barrera had nothing to say to the Court, and that tells the Court or that indicates to the Court that he does not appreciate the gravity and the seriousness of the situation, so the Court is not in a position to know whether he realized how serious the offense is for which he has been convicted[; and there is] no statement by him that he intends to stay outside of the United States unless he comes in with the proper

3

> permission or authorization.    The Court has no indication that he will remain outside the United States as he is required to do . . . .

Finally, the court noted the sentence protected the public from Campa's future offenses.

Campa was sentenced, *inter alia*, to 48 months' imprisonment, an upward variance from the 21-to-27-months advisory sentencing range under the Guidelines.  In response, Campa's attorney stated:

> Mr. Campa-Barrera objects to the imposition of the sentence that is procedurally and substantively unreasonable. My client sets forth various arguments in the PSR and put forth a witness for the Court's consideration to speak on his behalf and to be examined by the Court, and he exercised the right to remain silent throughout this hearing and the Court having considered those factors and found grounds for upward departure[,] he finds [it] to be objectionable.

The court overruled the objection, stating reasons why the sentence was reasonable, fair, and just under the circumstances.

In the subsequent written judgment was a statement of reasons (SOR) justifying Campa's sentence.  The SOR provided in pertinent part:

> The court believes a Guideline sentence would not be fair, just, and reasonable considering the history of Defendant Campa-Barrera.  He has been removed from the United States four times and has illegally entered the country at least five times.  Moreover, Defendant Campa-Barrera has two prior federal convictions for illegal reentry as well as three drug-related convictions.  A Guideline sentence would not serve the purpose of deterrence, show respect for the law, or provide just punishment for the offense. The court believes Defendant's illegal entry into this country five times, shows disrespect for the laws of the United States and for the borders of this country. Defendant Campa-Barrera has stated in written

No. 14-10815

> documents that he returns to this country because his daughter has a medical condition; however, he illegally reentered this country at least twice prior to his daughter's birth and committed other crimes during that time. For all these reasons, the court sentenced Defendant Campa-Barrera to a term of 48 months.

Notably absent from the SOR's explanation of factors justifying the sentence is any adverse inference based on Campa's electing not to make a personal statement at sentencing.

## II.

In challenging his sentence, Campa claims it: violates his Fifth Amendment right to silence; and is both procedurally and substantively unreasonable. For the latter claim, however, he briefs only procedural unreasonableness.

## A.

In maintaining the court's consideration of his declining to make a personal statement before pronouncement of his sentence violates his Fifth Amendment right to silence, Campa contends he invoked that right throughout the hearing and by stating, "I have nothing to say" when offered allocution. Thus, he asserts, the court improperly inferred from his reply: his lack of remorse for the offense; his failure "to appreciate the gravity and seriousness" of his offense; and "no indication" he would remain outside of the United States after removal.

Constitutional challenges to a sentence are reviewed *de novo. E.g., United States v. Hernandez*, 633 F.3d 370, 373 (5th Cir. 2011). But, as has long been the prudential rule, federal courts avoid deciding constitutional issues unnecessary to the determination of the parties' rights. *E.g., United States v. Suerte*, 291 F.3d 366, 368 (5th Cir. 2002). Accordingly, assuming, *arguendo*,

No. 14-10815

the court improperly considered Campa's declining allocution, we next consider whether that error was harmless.  For the reasons that follow, the same sentence would have been imposed absent the error.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).

Constitutional error is harmless if "overwhelming evidence" points to the same result had the error not occurred.  *See United States v. Hasting*, 461 U.S. 499, 507–09, 512 (1983).  Harmless error at sentencing requires that "the district court would have imposed the same sentence, absent the error".  *Ibarra-Luna*, 628 F.3d at 718.  Moreover, to disprove a constitutional challenge to a sentence, the Government must show the error was harmless beyond a reasonable doubt.  *Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005).

The Government met its burden to prove, beyond a reasonable doubt, that the assumed Fifth Amendment right-to-silence violation was not prejudicial; that is, it did not "affect the outcome of the district court proceedings".  *Pineiro*, 410 F.3d at 285.  The extensive evidence supporting Campa's sentence, aside from any assumed unconstitutional inferences drawn from his declining the court's invitation for allocution, demonstrates the court would have imposed the same sentence absent its error.  *See id.*

The court considered the factors pursuant to 18 U.S.C. § 3553(a), and specifically the following portion of subpart (a)(2), to impose a sentence that, *inter alia*:  reflects the seriousness of the crime; promotes respect for the laws of the United States; provides just punishment for the offense; adequately deters future criminal conduct; and protects the public from any future crimes by the defendant.  In addition, the court considered the nature and circumstances of the offense and Campa's criminal history and characteristics.

As noted, the Guidelines advisory sentencing range was 21 to 27 months.  In addition, the PSR advised the court:  "An upward departure pursuant to

USSG § 4A1.3 may be appropriate based upon [Campa's] habitual pattern of illegal reentry after deportation." And, as discussed *supra*, in response to Campa's objection to that statement, the court explained it would only be taken as notice an above-Guidelines sentence might be appropriate, rather than as a recommendation for such a sentence.

As the Government persuaded the court at the hearing, Campa's criminal conduct constitutes a clear pattern of illegality and has been ongoing since age 16. His criminal history includes: four removals from the United States; three felony convictions for possession of a controlled substance; a felony conviction for illegal reentry; misdemeanor convictions for possession of marijuana; attempted illegal reentry; and assault and resisting-arrest convictions.

Campa's contentions regarding the § 3553(a) factors in his favor were unavailing in the light of his extensive criminal history. He claimed the following factors negated the need for a sentence above the advisory sentencing range: the long period of time he had intermittently resided in the United States; the similarity of his criminal history to Americans of the same socioeconomic background; the redundancy of imposing a sentence above the Guidelines range; the medical condition of his seven-year-old daughter, who lives in the United States; and deportation to Mexico, "a country he [doesn't] know". Campa conceded, however, that the record was clear that: he had not "continuously" lived in the United States, as required by the Guidelines for a downward departure, because he had been deported several times; and he had illegally reentered the United States twice before his daughter was born. *See* U.S.S.G. § 2L1.2 cmt. n.9. The court, well within its wide discretion to consider the evidence, found Campa's cultural-assimilation assertion unconvincing. *See United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012).

As the Government noted at sentencing, Campa's ten-month sentence in 2008 did not deter him from future crime or cultivate in him a respect for the laws of the United States.  The court found this persuasive; it noted Campa's four removals meant he had illegally reentered the United States at least five times, in violation of this Country's laws and court orders prohibiting his reentry.  Campa's continued illegal behavior convinced the court a sentence within the advisory Guidelines range would not accomplish any of the goals of the § 3553(a) sentencing factors.  *See* 18 U.S.C. § 3553.

Campa additionally contends the court did not take into account his wife's statement in imposing the above-Guidelines sentence.  This claim is also unavailing.  "District courts enjoy wide discretion in determining which evidence to consider and to credit for sentencing purposes."  *Cantu-Ramirez*, 669 F.3d at 628.  As discussed *supra*, Campa's wife assured the court he would not return to the United States because his family would "follow him" to Mexico.  The court, however, found the "written documentation" of Campa's continued illegal reentries into the country, purportedly to see his ailing daughter in the United States, outweighed his wife's statement.  Considering the conflicting evidence, and in the light of the court's "thoroughly documented" reasons for imposing the above-Guidelines sentence, the court did not err in finding Campa's criminal history outweighed the evidence he presented in his defense.  *Gall v. United States*, 552 U.S. 38, 53 (2007); *see Ibarra-Luna*, 628 F.3d at 718.

After listing all of these reasons for imposing an above-Guidelines sentence, the court commented on Campa's response to its invitation for allocution, to which Campa stated, "I have nothing to say."  As quoted *supra*, the court restated all of the reasons pursuant to § 3553(a) for imposing the sentence.  Thus, the record shows, beyond a reasonable doubt, the court would have imposed the sentence based on Campa's extensive criminal history alone,

regardless of any assumed improper inferences it made from Campa's declining the invitation for allocution.

The earlier-described SOR provides further support for the court's justification for Campa's sentence. We have depended on a SOR to confirm sufficient justification for an above-Guidelines sentence in other instances. *See United States v. Candrick*, 435 F. App'x 404, 406, 2011 WL 3364336, *1–2 (5th Cir. 2011) (the court's listing various § 3553(a) factors in the SOR supported the variance above an advisory Guidelines sentence). We have also considered SORs as bases for courts' sentencing subject to statutory maximums and to the advisory Guidelines. *See United States v. Greenough*, 669 F.3d 567, 572 (5th Cir. 2012); *United States v. Gonzales*, 436 F.3d 560, 586–87 n.21 (5th Cir. 2006). The SOR is instructive in this instance as well. In it, the court enunciated Campa's extensive criminal history, the likelihood that he would continue to break the laws of the United States, and his criminal conduct prior to his daughter's birth. Moreover, Campa did not object to the Government's reliance, at oral argument, upon the SOR.

B.

Regarding Campa's maintaining his sentence was procedurally and substantively unreasonable, the Guidelines, post-*Booker*, are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall*, 552 U.S. at 48–51. Nevertheless, the district court must still properly calculate the Guideline sentencing range for use in deciding on the sentence to impose. *Id.* In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

No. 14-10815

1.

Campa contends the court procedurally erred in finding it had "no indication" he would remain outside the United States.  He claims the basis of this factual finding, and ultimately, for his sentence, were:  "negative inferences drawn from [his] silence"; and disregarding his wife's statement and his attorney's contentions.

The Government contends Campa's objection to his sentence in district court was not sufficiently specific to give notice to the court, such that he did not preserve this claim.  As quoted *supra*, following the imposition of his sentence, Campa objected to it on the grounds that it was procedurally and substantively unreasonable.  His objection, however, did not specifically challenge the court's finding there was "no indication [Campa would] remain outside the United States as he is required"; but, he did inform the court of his objection to an upward-departure recommendation in the PSR, about the court's implicit rejection of Campa's wife's statement, and that "he exercised his right to remain silent throughout this [sentencing] hearing".

If Campa's objection was not sufficient, review is only for plain error. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).  Assuming, *arguendo*, the objection was sufficient to preserve his procedural-unreasonableness claim, it fails under the more lenient abuse-of-discretion standard.  *See United States v. Lightfoot*, 724 F.3d 593, 596 (5th Cir. 2013).

A sentencing court commits procedural error, *inter alia*, when it bases a sentence on erroneous facts.  *E.g., United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).  Campa asserts the court based his sentence on the erroneous finding he would not remain outside the United States.  The court's finding, however, was not an abuse of discretion.  As discussed *supra*, the court considered Campa's numerous previous offenses, which alone justify the sentence, weighed against his objection to the PSR and his wife's assurance

No. 14-10815

she would follow him to Mexico. Campa's criminal history, "thoroughly documented" and undisputed, outweighed the evidence he presented in his defense. *Gall*, 552 U.S. at 53; *see Ibarra-Luna*, 628 F.3d at 718. Along that line, as discussed *supra*, the Government has met the beyond-the-reasonable-doubt burden to prove Campa's sentence would have been imposed absent the court's assumed error regarding Campa's declining allocution.

## 2.

Although Campa objected at sentencing to the sentence also being substantively unreasonable, that challenge is waived on appeal. He states in his appellate brief that his sentence is substantively unreasonable; but, he presents no assertions in support. "[A] party waives any argument that it fails to brief on appeal". *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009); *see* Fed. R. App. P. 28(a)(8)(A).

## III.

For the foregoing reasons, the judgment is AFFIRMED.