# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL H. ALEMAN, II,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-425-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel H. Aleman was convicted following a stipulated bench trial of two counts of sexual exploitation of a child. The district court sentenced him above the guidelines range to the statutory maximum sentence of a total of 720 months of imprisonment and a lifetime term of supervised release. He contests the denial of his motion to suppress evidence that officers found on his digital

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40068

devices and disputes the procedural and substantive reasonableness of his sentence.

Aleman maintains that the district court should have granted his motion to suppress because the affidavit filed in support of the initial search warrant contained stale information and, therefore, lacked indicia of probable cause. He also argues that the search warrant authorized only the seizure of his digital devices but did not authorize a forensic search of their contents; he suggests that the search warrant failed to meet the particularity requirement and state that a search of the devices was permitted. We review de novo the denial of the suppression motion and examine the underlying factual findings for clear error. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

The contention that the information set forth in the affidavit was stale is unavailing. Aleman was suspected to have committed an offense involving the recording of voyeuristic videos, i.e., "Invasive Visual Recording" in violation of Texas Penal Code § 21.15, and the warrant application identified that the evidence of that offense – i.e., the videos – was suspected to be on the recording device or on electronic media to which the videos were downloaded. Because digital images can be stored indefinitely, a reasonable officer could believe that the videos recorded by Aleman would be recoverable less than two months after their production. *See United States v. Robinson*, 741 F.3d 588, 597 (5th Cir. 2014); *United States v. Allen*, 625 F.3d 830, 842-43 (5th Cir. 2010).

Further, Aleman's claim that the warrant was insufficiently particular because it authorized only a seizure of the digital items found in his home but not a forensic search of those items is unavailing. A reasonable officer could have understood the warrant to permit a review of Aleman's electronic media. *See United States v. Leon*, 468 U.S. 897, 922 n.23 (1984); *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013). Given the crime at issue – and the

type of evidence needed to prove that crime – a reasonable officer could believe that examining the contents of the devices would not exceed the scope of, or probable cause underlying, the search warrant and was the only way to obtain evidence of Aleman's criminal conduct and effectuate the warrant. *See Leon*, 468 U.S. at 922 n.23. Moreover, the description in the warrant of the property being sought – i.e., devices capable of storing electronic data and the materials necessary to access and to view that data – supported that the objective of the warrant was to review the electronic media. The warrant especially authorized officers to remove and take any evidence seized pursuant to the warrant to any location needed for purposes of "complet[ing] [ ] any investigation or proceeding related to the activities" described in the affidavit; that instruction reasonably would permit a search of the devices to ascertain whether they contained the recordings at issue. Further, the circumstances surrounding the execution of the warrant support that officers were objectively reasonable in relying upon it. *See Woerner*, 709 F.3d at 533. Accordingly, the good-faith exception to the exclusionary rule applies, and no further analysis is required. *See Allen*, 625 F.3d at 834.

Aleman contends that, because the initial warrant was invalid, two later obtained warrants – which uncovered, inter alia, images of child pornography – also were invalid. Because, as detailed, the good-faith exception applies as to the execution of the first warrant, and the evidence collected pursuant to that warrant was validly obtained, Aleman's "fruit of the poisonous tree" claim is unavailing. *See United States v. Payne*, 341 F.3d 393, 399-402 (5th Cir. 2003).

Further, Aleman contests his sentence. Generally, we review a district court's sentencing decision for reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). To the extent that

Aleman seeks to challenge his sentence on grounds different from those raised in the district court, those claims would be subject to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Nevertheless, because Aleman cannot establish that the district court committed error, plain or otherwise, we need not resolve the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

He maintains that the district court procedurally erred by misapplying U.S.S.G. § 5G1.2(d) and sentencing him to consecutive terms of 360 months of imprisonment; he argues that, under § 5G1.2, the district court could order the sentences to run consecutively only to the extent needed to reach the high-end of the advisory guidelines range, i.e., 405 months of imprisonment in this case. However, Aleman's claim relies upon a false premise: the district court did not impose a Guidelines-based sentence under § 5G1.2(d), but instead found that an upward variance was warranted. Section § 5G1.2 does not limit the district court's discretion to vary upwardly from the guidelines range based upon the 18 U.S.C. § 3553(a) factors and impose consecutive sentences. *See* 18 U.S.C. § 3584; *United States v. Conlan*, 768 F.3d 380, 394-95 & n.46 (5th Cir. 2015); *United States v. Saldana*, 427 F.3d 298, 308-09 n.41 (5th Cir. 2005).

Aleman also contends that the reasons provided by the district court in support of its decision to vary upwardly – i.e., the impact of his crimes on the victims and their families and his commission of other criminal conduct with which he was not charged in this case – did not address the § 3553(a) factors that may justify a variance. However, the record establishes that the district court referred to specific facts and § 3553(a) factors in explaining its sentencing decision. There is no indication that victim impact, which generally is relevant to sentencing, *see* 18 U.S.C. § 3771(a)(4), and implicates the § 3553(a) factors, may not be considered; rather, we have noted that the impact of a crime on the

victims and their families is a proper sentencing factor and may warrant an upward variance. *See United States v. Diehl*, 775 F.3d 714, 725 (5th Cir.), *cert. denied*, 136 S. Ct. 213 (2015). Also, the district court could consider Aleman's other criminal conduct, which was related to the offenses of conviction, proven by specific reliable evidence, and relevant to the analysis of the § 3553(a) factors. The district court could evaluate whether the other conduct suggested that the guidelines range were inadequate and that Aleman should receive a more severe sentence than a defendant who did not engage in such conduct.

To the extent that Aleman asserts that his sentence represents an error by the district court in balancing the § 3553(a) factors, and that a 405-month sentence would have been sufficient, his claim lacks merit. The record reflects that the district court made an individualized assessment and found that the guidelines range did not account for particular § 3553(a) factors that the court especially noted. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Aleman asks us to reweigh the § 3553(a) factors, which is outside the scope of our review. *See Gall,* 552 U.S. at 51. Given the deference given to a district court's assessment of the § 3553(a) factors and the reasons for its sentencing decision, Aleman has not shown that his sentence is unreasonable. *See id.* at 50-53; *United States v. Gerezano-Rosales,* 692 F.3d 393, 400 (5th Cir. 2012).

AFFIRMED.