# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-60599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEON SMITH,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:15-CR-150-1

————————————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Deon Smith appeals his non-Guideline sentence of 60 months of imprisonment, which was ordered to run consecutively to two prior concurrent state sentences, following his guilty plea conviction for aiding and abetting the uttering of counterfeit obligations or securities by passing counterfeit $100 bills.  Smith contends that his five-year sentence for passing one counterfeit $100 bill is procedurally and substantively unreasonable and that, by imposing a non-Guideline sentence and ordering that it run consecutively to his state

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences, the district court imposed a sentence that is greater than reasonably necessary in light of the 18 U.S.C. § 3553(a) sentencing factors.

Smith's statement at the conclusion of the sentencing hearing that he "object[ed] to the sentence" was not sufficiently specific to alert the district court to the nature of the alleged errors and provide an opportunity for correction. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Accordingly, our review is subject to the plain error standard of review. *See United States v. Peltier*, 505 F.3d 389, 391-92, 394 (5th Cir. 2007). Smith must therefore show that his substantial rights were affected by a clear or obvious error, which we may correct if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

We review sentences for reasonableness by engaging in a two-stage review process. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We first consider whether the district court committed a procedural error, such as failing to calculate or incorrectly calculating the guidelines range, treating the Guidelines as mandatory, failing to consider the factors in § 3553(a), basing the sentence on clearly erroneous facts, or not adequately explaining the sentence, including any deviations. *Id.* If a sentence is procedurally proper, we proceed to review the substantive reasonableness of the sentence. *Id.*

Smith fails to offer any precedent or other legal authority supporting his contention that the district court committed a plain procedural error by varying from the advisory guideline range while simultaneously ordering that the sentence run consecutively to his state sentences. This "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). In fact, we have recognized that

No. 16-60599

a district court has discretion under 18 U.S.C. § 3584 to depart upwardly by running sentences consecutively after considering the § 3553(a) factors, *United States v. Conlan*, 786 F.3d 380, 394 & n.46 (5th Cir. 2015), and, in unpublished decisions, we have affirmed sentences in which the district court varied upwardly from the advisory guideline range and also imposed consecutive sentences under § 3584. *United States v. Aleman*, ___ F. App'x ___, 2017 WL 128554, 2 (5th Cir. Jan. 12, 2017); *United States v. Candrick*, 435 F. App'x 404, 406 (5th Cir. 2011). Accordingly, Smith has failed to establish that the district court committed a plain procedural error in varying from the Guidelines while imposing a consecutive sentence. *See Puckett*, 556 U.S. at 135.

The Government concedes, however, that the district court relied in part on inappropriate grounds for a variance by considering Smith's prior arrests in imposing his sentence. "[F]or a non-Guidelines sentence, just as for a Guidelines sentence, it is error for a district court to consider a defendant's 'bare arrest record' at sentencing." *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011). Even if we were to assume, in light of the Government's concession, that the district court erred in considering all three of Smith's prior arrests, there is no plain procedural error. *See Puckett*, 556 U.S. at 135. Given the plain error standard of review, Smith is required to "demonstrate[] a reasonable probability that he would have received a lesser sentence but for the court's consideration of the 'bare' arrest record." *United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010). Because he has failed even to assert that he would have received a lesser sentence had the court not considered his prior arrests, Smith has waived any argument that his sentence was plainly procedurally unreasonable in this regard. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

In reviewing a non-Guideline sentence for substantive unreasonableness, we will consider whether, under the totality of the circumstances, the § 3553(a) factors support the sentence, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (internal quotation marks and citation omitted). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Smith fails to allege, and has therefore waived, any argument that the district court plainly erred by giving significant weight to an improper sentencing factor or insufficient weight to a sentencing factor deserving of significant weight. *See id; Green*, 964 F.2d at 371; *Puckett*, 566 U.S. at 135.

To the extent that Smith is asserting that his sentence is substantively unreasonable because it represents a clear error of judgment in balancing the sentencing factors, he has failed to show plain error. *See Smith*, 440 F.3d at 708; *Puckett*, 566 U.S. at 135. The sentencing record reflects that the district court made an individualized assessment by reciting several of the § 3553(a) sentencing factors before recounting Smith's criminal history and concluding that a variance was necessary because the advisory guideline range did not adequately account for the § 3553(a) factors of promoting respect for the law, affording adequate deterrence, and protecting the public. *See Smith*, 440 F.3d at 707; § 3553(a)(2), (6)-(7). Even if it was improper to consider his prior arrests, Smith's recent criminal history of multiple shootings, convictions, and revocations of post-release supervision provides sufficient support for the

4

No. 16-60599

district court's stated sentencing concerns. Furthermore, while the extent of the district court's variance from 14 months to 60 months of imprisonment is sizeable, we have upheld similarly large variances. *See Key*, 599 F.3d at 475 (finding no abuse of discretion in extent of variance from 57 months to 216 months of imprisonment); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (finding no plain error in extent of variance from 51 months to 180 months of imprisonment). The judgment of the district court is AFFIRMED.