# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40056

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PABLO RUELAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-48-1

Before STEWART, Chief Judge, and SOUTHWICK and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Pablo Ruelas appeals his conviction and sentence for distribution, receipt, and possession of child pornography. We affirm.

## I. Factual & Procedural Background

On April 23, 2014, the Harlingen Police Department (HPD) received a cyber tip in which Google reported that child pornography had been downloaded through a specific IP address via an AT&T Internet Services

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address. The tip also identified two email accounts that had been linked to the downloading of child pornography. In response to the tip, an HPD officer subpoenaed the relevant AT&T records. AT&T provided information showing that the account/subscriber information was registered to Joanna Ruelas[1] at an address in Harlingen. On August 25, 2014, a second cyber tip containing similar information was sent to HPD.

On March 25, 2015, federal agents and HPD officers conducted a "knock and talk" at the residence identified in the subpoena. The officers did not have a search warrant, but Ruelas's stepmother answered the door and allowed them to enter the house. The officers spoke to Ruelas, explaining that they were there to investigate the tips that they had received and that they believed child pornography had been downloaded at the residence. The officers asked Ruelas if he had any devices that he used to access the Internet, and he replied that he used his cell phone. Ruelas initially consented to a search of his phone. He also told the officers about an email address that he used, and it matched one of the email addresses identified in the cyber tip. An officer subsequently conducted a brief search of Ruelas's phone, finding that he had a second email address that also had been identified in the tips. Once Ruelas refused to sign a written consent form, the officer interpreted his refusal as withdrawal of consent to search and stopped searching his cell phone. Officers subsequently arrested Ruelas based on outstanding warrants for his failure to pay unrelated fines and seized his cell phone.

The same day, Officer Alicia Garcia submitted an affidavit seeking a search warrant to search Ruelas's cell phone for "images and/or videos containing child pornography." In the affidavit, Officer Garcia asserted that probable cause was based in part on the following:

---

[1] Joanna Ruelas is Pablo Ruelas's sister.

6. On March 27, 2014, electronic service provider "Google" reported an incident involving its Gmail service where a user uploaded an image depicting a prepubescent female performing oral sex on an adult male. This information was then forwarded to the National Center for Missing and Exploited Children (NCMEC) which conducted a review of said information and determined the incident fell within the jurisdiction of the Harlingen Police Department. Investigator Garcia reviewed the evidence packet forwarded by NCMEC and observed the suspected user's email address to be texastippin20@gmail.com, and an IP address also included in the NCMEC case.

7. After reviewing the packet a subpoena was sent to AT & T, for subscriber identification on the IP address. A few months later, the subpoena returned with the IP address of [address redacted] Harlingen, Cameron County, Texas 78550. The address also listed Pablo Ruelas Jr as a resident.

8. After numerous attempts to locate RUELAS, on March 25, 2015, at approximately 7:45 am, Investigator Garcia along with Special Agents Baker and Mirino of Homeland Security Investigations, successfully made contact with Pablo RUELAS Jr at his residence located at [address redacted] in Harlingen, Texas. Investigators informed RUELAS they received a report regarding an uploaded image depicting a child under the age of 18 using Google's "Gmail" service.

9. Ruelas stated that he possesses two email accounts, paulruelas2010@gmail.com and texastippin20@gmail.com. Upon learning that RUELAS was the owner of the texastippin20@gmail.com email address from which [an] image containing child pornography was uploaded, and included in the initial NCMEC case file, investigators detained RUELAS's Samsung Galaxy S4 smartphone for the purposes of applying for a search warrant. RUELAS added that the Samsung Galaxy S4 smartphone was his sole means of accessing the internet and more specifically, his email accounts.[2]

---

[2] Information regarding the second cyber tip was not listed in the search warrant affidavit.

No. 18-40056

A Texas judge signed the search warrant that day and a search of Ruelas's cell phone uncovered 77 images of child pornography and 47 videos of child pornography. The cell phone also contained messages written in October 2014 requesting the exchange of child pornography depicting children as young as 11 to 13 years old. Ruelas was charged with one count of distribution of child pornography[3] (count one), one count of receipt of child pornography[4] (count two), and one count of possession of child pornography[5] (count three). He filed a pretrial motion to suppress the search of his cell phone asserting that the information contained in the search warrant affidavit was stale. Following a hearing, the district court denied the motion to suppress without addressing the staleness argument.

Thereafter, Ruelas pled guilty pursuant to a conditional plea agreement in which he reserved the right to appeal the denial of his motion to suppress. He waived the right to appeal and collaterally attack his conviction and sentence, but he reserved the right to bring ineffective assistance of counsel claims. At sentencing, the district court imposed concurrent sentences of 180 months on counts one and two and 120 months on count three, to be followed by concurrent life terms of supervised release on all three counts. With respect to the terms of supervision, the district court stated:

> He shall not possess or use computers or other electronic communications or data storage devices or media and shall not access the Internet. He shall not subscribe to—to any computer online service nor shall you access any Internet service during the length of your supervision unless approved in advance by the probation office.
>
> He shall not possess Internet capable software, hard drive, disc, floppy disk, compact disc, DVD, diskette, magnetic tape, or other

---

[3] 18 U.S.C. § 2256(8)(A); 18 U.S.C. § 2252A(a)(2)(B)&(b)(1).

[4] *Id.*

[5] 18 U.S.C. § 2252A(a)(5)(B)&(b)(2).

electronic storage media without the approval of the probation office.

Ruelas objected to the district court's "outright prohibition on the overall possession of computers, access to the Internet, or Internet capable software." The court responded that he could "have access if he gets prior approval from the probation office."

The district court subsequently issued a written judgment which provides that Ruelas shall not possess or use computers, other electronic communications or data storage devices, or media and that he is prohibited from accessing the Internet. A separate paragraph states that: (1) he shall not subscribe to any computer online service or access any Internet service during supervision unless first approved in advance in writing by his probation officer and (2) he may not possess Internet-capable software on any hard drive or any other electronic storage media or device unless first approved in advance in writing by the probation officer. This appeal ensued.

## II. Standard of Review

In reviewing the denial of a motion to suppress, this court "review[s] factual findings for clear error and legal conclusions regarding the sufficiency of the warrant or the reasonableness of an officer's reliance on a warrant *de novo*." *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010). We view the evidence in a light most favorable the government—the prevailing party here. *See United States v. Perales*, 886 F.3d 542, 545 (5th Cir. 2018).

## III. Discussion

### A. Motion to Suppress

On appeal, Ruelas first argues that the district court erred in denying his motion to suppress the evidence found on his cell phone. Specifically, he contends that the affidavit filed in support of the search warrant was

insufficient to establish probable cause because the information in the affidavit was stale.  We disagree.

An affidavit supporting a search warrant for child pornography does not need to show specific, individualized evidence of possession of child pornography. *United States v. Flanders*, 468 F.3d 269, 271 n.3 (5th Cir. 2006) (citing *United States v. Froman*, 355 F.3d 882, 890–91 (5th Cir. 2004)). Rather, a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Froman*, 355 F.3d at 889 (internal quotation marks and citation omitted).

"Under the good faith exception, evidence obtained during the execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance on the warrant was objectively reasonable and made in good faith." *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013).  In conducting the good-faith inquiry, the court may consider all of the circumstances surrounding the issuance of the warrant, *see United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006), and should suppress the evidence only if "a reasonably well trained officer would have known that the search was illegal" despite the authorization of the issuing judge, *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984).

The length of a delay that will render information stale depends on the facts of the case, including the nature of the criminal activity and the type of evidence sought. *Allen*, 625 F.3d at 842. Courts determining whether the information in an affidavit is stale should consider two factors: (1) whether there existed a longstanding pattern of criminal activity, and (2) whether the evidence in question "is of the sort that can reasonably be expected to be kept

for long periods of time in the place to be searched." *United States v. Craig*, 861 F.2d 818, 822–23 (5th Cir. 1988).

Although Ruelas's search warrant did not specifically identify any ongoing criminal activity, this court has upheld warrants based on affidavits significantly older than the 12-month old affidavit used here. *See Allen,* 625 F.3d at 842 (holding that warrant based on 18-month old information was not stale); *United States v. Robinson,* 741 F.3d 588, 597 (5th Cir. 2014) (holding that warrant based on 24-month old information was not stale). It is inconsequential that only one incident of criminal activity is described in the affidavit. "[P]ractical, common-sense" knowledge suggests a probability that evidence of the criminal activity described in the affidavit would still be stored on Ruelas's cell phone eleven months later, given what this court and numerous other federal courts have observed over the years regarding the repetitive and ongoing nature of crimes involving child pornography. *See Froman*, 355 F.3d at 889.

In both *Allen* and *Robinson*, we maintained that "evidence of child pornography often is found in the secrecy of a defendant's home and the criminal activity is carried out over a long period." *See Robinson*, 741 F.3d at 597 (citing *See Allen*, 625 F.3d at 843). In *Robinson*, we pointed to numerous other circuits that have recognized that information contained in an affidavit supporting a warrant is less likely to be stale when child pornography is involved due to the ongoing and extended nature of the crime. *Id.* (citing *United States v. Paull*, 551 F.3d 516, 522–23 (6th Cir. 2009) (holding that information that the defendant subscribed to child pornography thirteen months earlier was not stale stating that "[i]n light of the nature of the crime, these allegations are sufficient to establish a fair probability of on-going criminal activity"); *United States v. Newsom*, 402 F.3d 780, 783 (7th Cir. 2005) ("Information a year old is not necessarily stale as a matter of law, especially where child

pornography is concerned." (citing *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) (upholding search warrant based on information ten months old because "the [agent] explained that collectors and distributors of child pornography value their sexually explicit materials highly, 'rarely if ever' dispose of such material, and store it 'for long periods' in a secure place, typically in their homes"))); *see also United States v. Harvey*, 2 F.3d 1318, 1322–23 (3d Cir. 1993) (concluding that a warrant was not based on stale information, in part because those who collect child pornography tend to keep their collections for many years and rarely ever dispose of them); *United States v. Ricciardelli*, 998 F.2d 8, 12 n.4 (1st Cir. 1993) ("[E]xigent circumstances will rarely, if ever, be present in child pornography cases, as history teaches that collectors prefer not to dispose of their dross, typically retaining obscene materials for years."). Moreover, that the information found in Ruelas's possession was digital lends further credence to this proposition. *See United States v. Aleman*, 675 F. App'x 441, 442 (5th Cir. 2017) (noting that "[b]ecause digital images can be stored indefinitely, a reasonable officer could believe that the videos recorded" would be recoverable months after their production).

For these reasons, we hold that the facts set forth in Officer Garcia's affidavit were sufficient to establish the requisite probability that contraband or evidence related to ongoing crimes involving child pornography would be found on Ruelas's cell phone. *Froman*, 355 F.3d at 889. In any event, had the affidavit failed to support probable cause, the good-faith exception to the exclusionary rule would have applied. *See Leon*, 468 U.S. at 905 (upholding the admission of evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective").

### B. Supervised Release Conditions

Ruelas's second argument on appeal is that "[t]he district court abused its discretion in imposing overly restrictive special conditions of supervised

release—lifetime bans on accessing internet and possessing and using a computer and cell phone." Ruelas argues that this issue is not barred by the appeal waiver in his plea agreement because the conditions exceed the statutory limits set forth in 18 U.S.C. § 3583(d) on supervised release conditions. The government counters that Ruelas's challenge to the conditions at issue are barred by the appeal waiver provision in his plea agreement, emphasizing that he did not reserve the right to appeal a sentence exceeding the statutory maximum.

The relevant supervised release conditions imposed by the district court are as follows:

> You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media.

> You must not access the Internet.

> You shall not subscribe to any computer online service, nor shall you access any Internet service during the length of your supervision, unless approved in advance in writing by the United States Probation Officer. You may not possess Internet capable software on any hard drive, disk, floppy disk, compact, disk, DVD, diskette, magnetic tape, or any other electronic storage media, unless specifically approved in advance in writing by the United States Probation Officer.

Although the first two conditions appear to prohibit Ruelas's possession of computers or use of the Internet, the third condition clarifies that Ruelas can do these things upon receiving prior written approval from the probation officer. Consequently, we do not interpret these supervised release conditions as exceeding the statutory limits set forth in 18 U.S.C. § 3583(d).

## IV. Conclusion

For the foregoing reasons, Defendant-Appellant Pablo Ruelas's conviction and sentence are affirmed.